UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ERIN SHEPHERD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:18-cv-02855-TLP-dkv |
| | ) Jury Trial Demanded |
| **SHELBY COUNTY GOVERNMENT,** | ) |
| **SHELBY COUNTY SHERIFF'S OFFICE,** | ) |
| and **KENNY ROBERSON, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant SHELBY COUNTY GOVERNMENT ("Shelby County Government"), which includes the SHELBY COUNTY SHERIFF'S OFFICE ("Shelby County Sheriff's Office") hereinafter ("Defendant") by and through counsel and pursuant to the Federal Rules of Civil Procedure file this Answer to respond to the allegations contained in the Complaint filed by Plaintiff Erin Shepherd ("Plaintiff") to respond as follows:

### INTRODUCTORY STATEMENT

1. In response to Paragraph 1 of the Complaint, Defendant admits only that the allegations contained in Paragraph 1 purport to set forth a summary of Plaintiff's claims, but Defendant denies Plaintiff is entitled to any relief whatsoever.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

### PARTIES

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint on information and belief.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint as Shelby County Sheriff's office is not a separate entity from Shelby County Government.

6. In response to Paragraph 6 of the Complaint, Defendant admits that Kenny Roberson is a lieutenant with the Shelby County Sheriff's Department but denies he is a resident of Memphis, Tennessee.

## JURISDICTION AND VENUE

7. In response to Paragraph 7 of the Complaint, Defendant avers that this action was properly removed to the Federal District Court for the Western District of Tennessee and that jurisdiction is proper in this Court.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint as this case was properly removed to the Federal District Court for the Western District of Tennessee, but Defendant admits that jurisdiction was proper in the Chancery Court before this matter was properly removed.

9. In response to Paragraph 9 of the Complaint, Defendant admits that venue is proper in this Court as the case was properly removed, but Defendant denies the allegation that venue in this action is based on 28 U.S.C. § 1391(c) as alleged in the Complaint.

## STATEMENT OF FACTS

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint as Plaintiff began working for Defendant as a patrol officer in May 2010.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendant admits Plaintiff began working in the Patrol Crime Response Unit ("PCRU") in 2013 and that she was under the supervision of Lt. Roberson.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Defendant admits Plaintiff was assigned to the position of PCRU analyst while she was pregnant in 2013 and that Lt. Roberson was her supervisor at that time, but all of the remaining allegations are denied.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant lacks sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 16 of the Complaint; these allegations are therefore denied.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. In response to the allegations contained in Paragraph 18 of the Complaint, Defendant admits Plaintiff worked in PCRU where Lt. Roberson had an office, but Defendant denies Plaintiff had an office, and Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff perceived or thought; all of the remaining allegations contained in Paragraph 18 of the Complaint are denied.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff thought about Lt. Roberson's standing and/or any of the other impressions contained in Paragraph 20 of the Complaint; these allegations are therefore denied.

21. In response to Paragraph 21 of the Complaint, Defendant admits that Lt. Roberson knew Plaintiff was married, but all of the remaining allegations contained in Paragraph 21 are denied.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. In response to Paragraph 36 of the Complaint, Defendant denies Plaintiff's factual allegations and her characterizations of an incident that did not occur.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint, Defendant denies Plaintiff's factual allegations and her characterizations of an incident that did not occur.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendant admits Plaintiff was involved in an officer involved shooting in July 2016 and was placed on leave for a period of time thereafter.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint; these allegations are therefore denied.

43. In response to Paragraph 43 of the Complaint, Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first two sentences of Paragraph 43; these allegations are therefore denied as pled. Defendant specifically denies all of the remaining allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. In response to Paragraph 45 of the Complaint, Defendant admits Plaintiff worked under the supervision of Lt. Ballard for a period of time, but Defendant lacks sufficient information or knowledge to admit or deny what thoughts Plaintiff had; accordingly, all of the remaining allegations contained in Paragraph 45 of the Complaint are denied.

46. In response to Paragraph 46 of the Complaint, Defendant admits Plaintiff was being reassigned to Lt. Roberson's unit, but Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint as pled.

47. In response to Paragraph 47 of the Complaint, Defendant admits Plaintiff called Lt. Ballard to ask if she could transfer back to his unit and that she made an allegation of harassment against Lt. Roberson during the telephone call. All of the remaining allegations contained in Paragraph 47 of the Complaint are denied.

48. In response to Paragraph 48 of the Complaint, Defendant admits Plaintiff made allegations of harassment against Lt. Roberson in October 2017.

49. In response to Paragraph 49 of the Complaint, Defendant admits it referred Plaintiff for assistance as a result of incidents unrelated to her allegations of harassment against Lt. Roberson, but Defendant denies Plaintiff's allegations in Paragraph 49 as pled.

50. In response to Paragraph 50 of the Complaint, Defendant admits it referred Plaintiff for assistance because of incidents unrelated to her allegations of harassment against Lt. Roberson, and Defendant admits it subsequently referred Plaintiff for a fitness for duty examination, but Defendant denies the allegations contained in Paragraph 50 as pled.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint as pled.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, Defendant admits Plaintiff was placed on leave while waiting on the results of her fitness for duty examination.

55. In response to the allegations contained in Paragraph 55 of the Complaint, Defendant admits those contained in the first sentence of Paragraph 55, and it admits that it informed Plaintiff of the reasons she was relieved of duty. The remaining allegations contained in Paragraph 55 of the Complaint are denied as pled.

56. Defendant does not have sufficient information or knowledge to respond to the allegations contained in Paragraph 56 of the Complaint at this time; these allegations are therefore denied at this time as they are pled.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. In response to the allegations contained in Paragraph 60 of the Complaint, Defendant admits Plaintiff filed a charge with the EEOC, which issued a right to sue letter.

# CAUSES OF ACTION

## COUNT ONE
## SEXUAL HARASSMENT – HOSTIL WORK ENVIRONMENT

61. Defendant incorporates by reference paragraphs 1-60 of this Answer as if each was set forth fully herein.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

## COUNT TWO
## SEX DISCRIMINATION TITLE VII

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint as pled.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

## COUNT THREE
## SEX DISCRIMINATION/HARASSMENT
## TENNESSEE HUMAN RIGHTS ACT

69. Defendant incorporates by reference paragraphs 1-68 of this Answer as if each was set forth fully herein.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint and denies Plaintiff is entitled to any relief whatsoever.

## COUNT FOUR
## SEXUAL HARASSMENT – HOSTIL WORK ENVIRONMENT
## TENNESSEE HUMAN RIGHTS ACT

73. Defendant incorporates by reference paragraphs 1-72 of this Answer as if each was set forth fully herein.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint and denies Plaintiff is entitled to any relief whatsoever.

## COUNT FIVE
## TITLE VII UNLAWFUL RETALIATION
## (42 U.S.C. § 2000, *et. seq*.)

76. In response to the Paragraph of the Complaint incorrectly numbered 117, Defendant incorporates by reference paragraphs 1-75 of this Answer as if each was set forth fully herein.

77. Defendant denies the allegations contained in the Paragraph of the Complaint incorrectly numbered 118.

78. Defendant denies the allegations contained in the Paragraph of the Complaint incorrectly numbered 119 and denies Plaintiff is entitled to any relief whatsoever.

## COUNT SIX
## UNLAWFUL REPRISAL
## TENNESSEE HUMAN RIGHTS

79. In response to the Paragraph of the Complaint incorrectly numbered 124, Defendant incorporates by reference paragraphs 1-78 of this Answer as if each was set forth fully herein.

80. Defendant denies the allegations contained in the Paragraph of the Complaint that is incorrectly numbered 125.

81. Defendant denies the allegations contained in the Paragraph of the Complaint incorrectly numbered 126, and Defendant denies Plaintiff is entitled to any relief whatsoever.

**DAMAGES**

82. In response to the unnumbered damages paragraph contained in Plaintiff's Complaint, Defendant denies that Plaintiff has alleged a valid claim for relief and denies she is entitled to any damages whatsoever. All allegations in the Complaint that have not been admitted, modified, or denied are hereby denied as if separately and specifically denied.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Some or all of Plaintiff's claims and the remedies sought are barred by Plaintiff's failure to comply with all conditions precedent to the commencement of this action.

3. Defendant asserts the affirmative defenses of after-acquired evidence, res judicata, collateral estoppel, judicial estoppel, and waiver, as these defenses may be developed during the course of this litigation.

4. Without admitting any allegation contained in the Complaint, to the extent that Plaintiff's Complaint purports to allege unlawful harassment by any alleged supervisory employee of Defendant, Defendant exercised reasonable care to prevent and/or correct any unlawfully harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

5. Without admitting any allegation contained in the Complaint, Defendant avers that it cannot be held strictly liable for any alleged unlawful harassment perpetrated by any individual who was not a supervisor of Plaintiff.

6. Without admitting any allegation contained in the Complaint, Defendant avers that some or all of the allegations contained in the Complaint are barred, and/or recovery thereof should be reduced to the extent that Plaintiff suffered no adverse employment action as a result of the alleged harassing conduct.

7. Without admitting any allegation contained in the Complaint, Defendant avers that it has an effective and widely disseminated policy prohibiting unlawful harassment and this policy provides a reasonably available procedure by which Plaintiff could bring complaints and such complaints would be subject to prompt remedial action reasonably calculated to end such alleged harassment or retaliation; and to the extent Plaintiff availed herself of this policy and Defendant took prompt and effective remedial action, Plaintiff's claims are barred. To the extent Plaintiff failed to avail herself of this policy, her claims are barred.

8. Defendant avers that in the event that any of the allegations of harassment occurred, Defendant took prompt and effective action to remedy any such acts and has no liability for them.

9. Defendant avers that in the event that any of the allegations of harassment occurred, they did not rise to the level of severe and pervasive harassment and therefore Defendant are not liable.

10. Defendant avers that the Court lacks jurisdiction over the subject matter of this action in that Plaintiff has failed to file an administrative charge with respect to some or all of the allegations and claims in the Complaint.

11. Defendant avers that Plaintiff is barred from alleging any claims under Title VII of the Civil Rights Act for which she did not timely file a charge of discrimination with the EEOC.

12. Defendant's alleged actions were not willful. Defendant acted in good faith and with reasonable grounds for believing that its actions and omissions were not in violation of any law.

13. Defendant's decisions concerning Plaintiff's employment were based upon legitimate business reasons completely unrelated to any alleged protected class or alleged protected activity.

14. Defendant avers that there were legitimate, nondiscriminatory, nonretaliatory reasons for its actions which were not pretextual and that it has not violated any law and/or constitutional or statutory provision, and has acted in good faith.

15. Plaintiff is estopped by her own acts, conduct, or omissions from asserting her claims.

16. Defendant's treatment of Plaintiff was in good faith and the Company has not engaged in any conduct towards Plaintiff with malice, evil motive or intent, or reckless indifference to her rights. Accordingly, punitive damages are not available.

17. Plaintiff's claim is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to an award of its attorney's fees and costs associated with the defense of this action.

18. Although Defendant denies Plaintiff is entitled to any relief, Plaintiff has failed to take reasonable steps to minimize or mitigate her alleged damages and may not recover any damages she could have avoided. To the extent Plaintiff has mitigated her alleged damages, she may not recover for any alleged damages she has mitigated.

19. Plaintiff's Complaint does not describe the claims asserted against Defendant with sufficient particularity to enable Defendant to determine all of the defenses and/or claims

available to it in response to this action. Defendant reserve the right to assert all defenses and/or claims which may be applicable to Plaintiff's claims at such time as the precise nature of the various claims are ascertained and all facts are discovered.

**WHEREFORE**, **PREMISES CONSIDERED** Defendant requests that this Court deny all of Plaintiff's prayers for relief, enter a judgment dismissing the Complaint with prejudice, and award Defendants their attorneys' fees, expenses, and costs of this action.

Respectfully submitted,

**FORDHARRISON LLP**
1715 Aaron Brenner Dr., Suite 200
Memphis, Tennessee 38120
Telephone: (901) 291-1500
Telefax: (901) 291-1501

By: /s/ Louis P Britt
    Louis P. Britt III    Tenn. #5613
    Frank L. Day, Jr.    Tenn. #25345

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon the following by electronic means via the Court's CM/ECF system, this 21st day of December, 2018:

William C. Sessions, III (TN BPR: #15017)
HEATON and MOORE, P.C.
44 North Second Street, Suite 1200
Memphis, TN 38103
(901) 526-7563 (tel)
(901) 526-7563 (fax)
wsessions@heatonandmoore.com

**ATTORNEY FOR PLAINTIFF**

/s/ Louis P. Britt
Louis P. Britt III

WSACTIVELLP:10242621.1