IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ERIN SHEPHERD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:18-cv-02855-TLP-dkv |
| | ) Jury Trial Demanded |
| **SHELBY COUNTY GOVERNMENT,** | ) |
| **SHELBY COUNTY SHERIFF'S OFFICE,** | ) |
| and **KENNY ROBERSON, individually,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, Kenny Roberson ("Roberson"), hereby submits this Memorandum in Support of its 12(b)(6) Motion to Dismiss Defendant, Roberson. Pursuant to 42 U.S.C. § 2000(e)(b), Tenn. Code Annotated § 4-21-102(5), Tenn. Code Annotated § 4-21-301(b), as well as Tennessee state and federal caselaw, an individual may not be held personally liable under Title VII or the THRA. Plaintiff's claims against Roberson therefore fail to state a claim upon which relief can be granted and Roberson should be dismissed with prejudice.

**I.      PROCEDURAL HISTORY**

Plaintiff filed the instant lawsuit against Shelby County Government and Kenny Roberson in the Chancery Court of Shelby County claiming that she had been harassed by Roberson and retaliated against by Shelby County in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Tennessee Code Annotated section 4-21-301 ("THRA"). Defendants removed Plaintiff's lawsuit to this court. (D.E. 1)

1

## II. PLAINTIFF'S CLAIMS AGAINST ROBERSON FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED

### A. Standard of Review.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted where the moving party demonstrates that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Fed. R. Civ. P. 12(b)(6); *Cooper v. Parrish*, 20 F. Supp. 2d 1204, 1208 (W.D. Tenn. 1998), *aff'd in part, vacated in part (on other grounds)*, 203 F.3d 937 (6th Cir. 2000) (citing *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983), *cert. denied*, 469 U.S. 826 (1984)). A rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. Although the Court can consider the allegations contained in the Complaint as true, the Complaint must be dismissed where, as here, those facts fail to sate a legal cause of action. *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 522 (6th Cir. 1999). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. *Id.*

Accepting the allegations contained in the Complaint as true, Plaintiff's claims of sexual harassment against Roberson are not cognizable under Title VII or the THRA and should be dismissed.

### B. There Is No Cause of Action Cognizable Under Either Title VII or The THRA Against An Individual.

Plaintiff's claims under Title VII and the THRA as asserted against Roberson fail as a matter of law.[1] It is well established that individuals are not "employers" within the meaning of either Title VII or the THRA. *See* 42 U.S.C. § 2000(e)(b) (defining "employer" to include person who has fifteen or more employees); T.C.A. § 4-21-102(5) (defining "employer" to include person who has eight or more employees). Tennessee's state and federal courts have

---

[1] The only claims Plaintiff has asserted against Roberson are those arising under Title VII and the THRA. (D.E. 1-3, Pg. ID 17-21)

2

long held that individual supervisors may not be held personally liable under Title VII or the THRA.  *See Wathen v. Gen Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (holding that an is not liable under Title VII); *Strong v. HMA Fentress Cnty. Gen. Hosp., LLC*, 194 F. Supp. 3d 685, 687 (M.D. Tenn. 2016) (holding that an individual employee/supervisor may not be held personally liable under Title VII or the THRA in a sexual harassment case); *Carr v. United Parcel Service*, 955 S.W.2d 832, 834 (Tenn. 1997) (overruled on other grounds, *Parker v. Warren Co. Util. Dist.*, 2 S.W.3d 170 (Tenn. 1999) (no individual liability under Title VII or THRA in a sexual harassment case).  Furthermore, as of July 1, 2014 the THRA reads: "[n]o individual employee or agent of an employer shall be liable for any violation of [employment related discrimination] that any employer shall be found to have committed."  Tenn. Code Annotated § 4-21-301(b).

Thus, Roberson, as an individual defendant, cannot be held individually liable for violations of Title VII or the THRA.  Accordingly, Plaintiff's claims against Roberson fail to state a claim upon which relief can be granted and Roberson should be dismissed from this lawsuit with prejudice.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Defendant, Roberson, from the instant lawsuit.

Respectfully submitted,

s/Louis P. Britt III
Louis P. Britt III (TN No.5613)
Frank L. Day, Jr. (TN No. 025345)
**FORDHARRISON LLP**
1715 Aaron Brenner Dr., Suite 200
Memphis, Tennessee 38120
Telephone:(901) 291-1500
Facsimile: (901) 291-1501
lbritt@fordharrison.com
fday@fordharrison.com

**ATTORNEYS FOR DEFENDANTS
SHELBY COUNTY GOVERNMENT AND
KENNY ROBERSON**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss has been served upon the following by electronic means via the Court's CM/ECF system, this 21st day of December, 2018:

William C. Sessions, III (TN BPR: #15017)
HEATON and MOORE, P.C.
44 North Second Street, Suite 1200
Memphis, TN 38103
(901) 526-7563 (tel)
(901) 526-7563 (fax)
wsessions@heatonandmoore.com

**ATTORNEY FOR PLAINTIFF**

s/Louis P. Britt III